**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation; STONELEDGE FURNITURE LLC, a Wisconsin Limited Liability Company; and DOES 1 through 20, inclusive,

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 1 2 2021

BY *Guadalupe Vasquez* DEPUTY
*Guadalupe Vasquez*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SEAN SULLIVAN, an Individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California, County of San Bernardino - San Bernardino Justice Center 247 West 3rd Street, San Bernardino, CA 92401 | CIVSB 2 1 1 1 1 7 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alireza Alivandivafa, Esq., Azad M. Marvazy, Esq. 1925 Century Park East, Suite 1990, Los Angeles, CA 90067 (310) 570-2238

| DATE: MAY 1 2 2021 | Clerk, by *Guadalupe Vasquez* | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretaria)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ashley Furniture Industries, Inc, a Wisconsin corporation

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/24/2021

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Alireza Alivandivafa, Esq. (SBN 255730)
1925 Century Park East, Suite 1990
Los Angeles, California 90067
Telephone: (310) 570-2238
Facsimile: (310) 300-1015

Azad M. Marvazy, Esq. (SBN 298622)
LIGHT LAW GROUP, APC
1925 Century Park East, Suite 1990
Los Angeles, California 90067
Telephone: (424) 241-3422
Facsimile: (424) 273-8884

Attorneys for Plaintiff,
SEAN SULLIVAN

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 2 3 2021

BY _Guadalupe Vasquez_
Guadalupe Vasquez  DEPUTY

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO, UNLIMITED JURISDICTION

SEAN SULLIVAN, an Individual,

Plaintiff,

vs.

ASHLEY FURNITURE INDUSTRIES,
INC., a Wisconsin Corporation;
STONELEDGE FURNITURE LLC, a
Wisconsin Limited Liability Company;
and DOES 1 through 20, inclusive,

Defendants.

CASE NO. CIV SB 2 1 1 1 1 7 8

**COMPLAINT FOR DAMAGES**

1.  **Violation of FEHA, Government Code § 12940(a) – Discrimination;**

2.  **Violation of FEHA, Government Code § 12940(h) – Retaliation;**

3.  **Violation of FEHA, Government Code § 12940(m) – Failure to Provide Reasonable Accommodation;**

4.  **Violation of FEHA, Government Code § 12940(n) – Failure to Engage in the Interactive Process;**

5.  **Violation of FEHA, Government Code § 12940(i) – Aiding and Abetting;**

6.  **Wrongful Termination in Violation of Public Policy; and**

[this document printed on recycled paper]

- 1 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

|   |   |
|---|---|
| 7. | **Waiting Time Penalties (Labor Code §§ 201-203)** |

**DEMAND FOR JURY TRIAL**

Plaintiff Sean Sullivan hereby brings this action against Defendants for damages resulting from Defendants' unlawful and tortious conduct and, as grounds therefore, alleges:

## I.      GENERAL ALLEGATIONS

1.      Plaintiff Sean Sullivan (hereinafter "Plaintiff" or "Sullivan") files this Complaint for Damages on behalf of himself as an individual against Ashley Furniture Industries, Inc., a Wisconsin Corporation (hereinafter "AFI"), Stoneledge Furniture LLC, a Wisconsin Limited Liability Company (hereinafter "SF"), and Does 1 through 20, inclusive, (AFI, SF, and Does 1 through 20 are collectively hereinafter referred to as, "Defendants").

## II.      PARTIES AND JURISDICTION

2.      Plaintiff is, and at all relevant times herein mentioned was, an individual residing in the County of San Bernardino, State of California.

3.      At all times material to this complaint, Plaintiff is informed and believes that Defendant AFI is and was a registered corporation, doing business in the State of California, County of San Bernardino.

4.      At all times material to this complaint, Plaintiff is informed and believes that Defendant SF is and was a registered corporation, doing business in the State of California, County of San Bernardino.

5.      The true names and capacities of Does 1 through 20 are unknown to Plaintiff who therefore sues the Doe Defendants by fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.  Plaintiff is informed and believes, and hereon alleges, that such Doe defendants are residents of California and or do business in California.  Defendant AFI, Defendant SF together with the Doe Defendants are hereinafter collectively referred to as "Defendants."

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

[this document printed on recycled paper]

6.     Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each defendant was the agent, employee and/or working in concert with him, his or their co-defendants, and was acting within the course and scope of such agency, employment and/or concerted activity.  To the extent that certain defendants perpetrated certain acts and omissions, the remaining defendant or defendants confirmed and ratified said acts and omissions.  Each defendant was completely dominated and controlled by his, her or their co-defendants, and each was the alter ego of the other. In doing the wrongful acts and omissions alleged, each Defendant was the agent, servant, employee or co-conspirator of each other Defendant and each Defendant acted in the course and scope of the agency, service, employment or conspiracy with ratification or approval of the principal, employer and fellow conspirators.  Further, the Defendants acted as alter egos of each other, as joint employers, dual employers, and/or as an integrated enterprise, therefore making them liable for all debts, damages, penalties, judgments and other financial responsibility incurred.

7.     This Court is the proper court and this action is properly filed in the County of San Bernardino and in this judicial district because (a) pursuant to Code of Civil Procedure section 395.5, Defendants transact business in San Bernardino County; (b) pursuant to Government Code section 12965(b), Plaintiff was hired and employed by Defendants in San Bernardino County and records relevant to the employment are maintained and administered in San Bernardino County; (c) Defendants do business in and employed Plaintiff in San Bernardino County; (d) At least some Doe Defendants, based upon information and belief, resided at all times relevant to this Complaint and/or at currently resides in the County of San Bernardino; (e) material transactions between Plaintiff and Defendants took place within San Bernardino County; and (f) Plaintiff is a resident of San Bernardino County.

8.     At all relevant times alleged herein, Plaintiff was employed by AFI and was AFI's employee.

9.     At all relevant times alleged herein, Plaintiff was employed by SF and was SF's employee.

10. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from loss of earnings and other damages in amounts not yet ascertained, but subject to proof at trial.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, engaged in malice, fraud, and/or oppression in their actions against Plaintiff.

## III.    FACTUAL ALLEGATIONS

12. Plaintiff Sean Sullivan was hired by Defendants Ashley Furniture Industries, Inc. ("AFI") and Stoneledge Furniture LLC ("SF") as a Shipping Associate on approximately July 15, 2019.

13. On approximately March 6, 2020, Plaintiff suffered a disability which necessitated medical attention and accommodation. Mr. Sullivan necessitated a short time off from work as indicated by his medical provider.

14. Mr. Sullivan informed Defendants that he was suffering from a physical or mental impairment limiting one or more major life activities and that he needed time off from work as an accommodation of his disability.

15. Defendants knew of Plaintiff's disability or otherwise perceived Plaintiff to be disabled.

16. Defendants knew of Plaintiff's need for accommodation, including without limitation, a short medical leave.

17. Despite Mr. Sullivan advising Defendants of his need for accommodation, Human Resources representative, Sonia Castro, proceeded to wrongfully terminate Mr. Sullivan via text message dated April 16, 2020.

18. Ms. Castro, and thereby Defendants, ignored numerous communications from Mr. Sullivan, both through the attendance line and through communications with his manager, proceeding instead to discard a disabled employee needing quite reasonable accommodations. Defendants did not propose any accommodation or consider the accommodations requested.

19. Defendants discriminated and retaliated against Plaintiff by denying Plaintiff employment benefits or privileges, by denying Plaintiff a good faith interactive process, by

[this document printed on recycled paper]

1   failing to provide any reasonable accommodation for Plaintiff's disability, by denying Plaintiff

2   transfer, denying Plaintiff work opportunities or assignments, by failing to prevent

3   discrimination and retaliation from occurring, and ultimately by wrongfully terminating

4   Plaintiff's employment on April 16, 2020.

5          20.    Plaintiff was not paid for wages earned and not paid upon at the end of his

6   employment with Defendants until April 2, 2021.

7          21.    Plaintiff filed a timely complaint against Defendants with the Department of Fair

8   Employment and Housing ("DFEH") thereby exhausting his administrative remedies.  Plaintiff

9   received a right to sue notice from the DFEH giving him the right to sue Defendants.  A true and

10  correct copy of Plaintiff's DFEH complaint and right to sue notice is attached hereto as Exhibit

11  "A."

12              **IV.    CAUSES OF ACTION**

13              **FIRST CAUSE OF ACTION**

14   **Violation of the FEHA, Government Code § 12940(a) – Disability Discrimination**

15                        **(Against All Defendants)**

16         22.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

17  allegations contained in this Complaint, and incorporates them by reference into this cause of

18  action as though fully set forth herein, excepting those allegations which are inconsistent with

19  this cause of action.  Plaintiff brings this cause of action against all Defendants.

20         23.    At all applicable times mentioned in this complaint, Defendants regularly

21  employed five or more persons bringing Defendants within the provisions of the California Fair

22  Employment and Housing Act ("FEHA").

23         24.    Plaintiff has adequately exhausted all of his administrative remedies under FEHA

24  and obtained a "right to sue" letter from the Department of Fair Employment and Housing

25  ("DFEH") against Defendants.  A true and correct copy of Plaintiff's DFEH complaint and right

26  to sue letter is attached hereto as Exhibit "A."

27

28

[this document
printed on
recycled paper]

- 5 -

25.   Plaintiff was discriminated against by the Defendants on the basis of his disability in addition to Plaintiff's request for and/or use of disability accommodations, as prohibited by the FEHA, including the termination of his employment.

26.   As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and his employment benefits.  Plaintiff seeks an equitable declaration of the Court, as authorized by FEHA and the common law, that the Defendants engage(d) in discriminatory acts and seeks injunctive relief against Defendants and their illegal policies.

27.   As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.  Plaintiff further seeks all declaratory and equitable relief allowed by the FEHA and common law.

28.   Plaintiff is informed and believes and herein alleges that the aforesaid acts directed toward him were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein.

29.   Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Pursuant to the provisions of the FEHA, Plaintiff seeks payment of those fees and costs by Defendants, on motion and according to proof at the time of Plaintiff's prevailing in this case.  Further, Plaintiff seeks all equitable remedies under the FEHA against Defendants - including injunctive and declaratory relief.

WHEREFORE, Plaintiff requests relief as hereafter provided.

//

//

//

//

[this document printed on recycled paper]

- 6 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

### SECOND CAUSE OF ACTION

### Violation of the FEHA, Government Code § 12940(h) – Retaliation

### (Against All Defendants)

30.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

31.     At all applicable times mentioned in this complaint, Defendants regularly employed five or more persons bringing Defendants within the provisions of the California Fair Employment and Housing Act.

32.     Plaintiff has adequately exhausted all of his administrative remedies under FEHA and obtained a "right to sue" letter from the DFEH against Defendants.  A true and correct copy of Plaintiff's DFEH complaint and right to sue letter is attached hereto as Exhibit "A."

33.     Plaintiff was retaliated against by Defendants on the basis of his disability in addition to Plaintiff's request for and/or use of disability accommodations, as prohibited by the FEHA, including the failure to engage in the interactive process with Plaintiff, the failure to accommodate Plaintiff, and the termination of his employment.

34.     As a proximate result of Defendants/willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.  Plaintiff seeks an equitable declaration of the Court, as authorized by the FEHA and the common law, that the Defendants engage(d) in discriminatory acts and seeks injunctive relief against Defendants and their illegal policies.

35.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.  Plaintiff further seeks all declaratory and equitable relief allowed by the FEHA and common law.

36.     Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein.

37.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Pursuant to the provisions of the FEHA, Plaintiff seeks payment of those fees and costs by Defendants, on motion and according to proof at the time of Plaintiff's prevailing in this case. Further, Plaintiff seeks all equitable remedies under the FEHA against Defendants - including injunctive and declaratory relief.

WHEREFORE, Plaintiff requests relief as hereafter provided.

### THIRD CAUSE OF ACTION

### Violation of FEHA, Government Code § 12940(m) –

### Failure to Provide Reasonable Accommodation

### (Against All Defendants)

38.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

39.     Pursuant to Government Code § 12940(m), it is an unlawful employment practice for an employer to fail to make reasonable accommodation for the known physical or mental disability of an employee.

40.     Defendants were Plaintiff's employers as defined under the FEHA.

41.     Plaintiff was an employee of Defendants.

42.     Defendants knew Plaintiff had a disability which (1) limited major physical, mental, social and/or working life activities and made the achievement of major physical, mental, social and/or working life activities difficult; (2) Plaintiff had a record of, which was known to Defendants.

43.   Plaintiff requested that Defendants make reasonable accommodation for his disability and was able to perform the essential job duties with reasonable accommodation for his disabilities, including, but not limited to a short medical leave.

44.   Defendants failed to provide reasonable accommodation for Plaintiff's disability in violation of Government Code §§ 12940, et seq., including without limitation § 12940(m).

45.   As a direct and proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur general and special damages in an amount to be proven at trial.  These damages include lost income, employment, and career opportunities, and emotional distress, depression, anxiety, embarrassment, anger, humiliation, loss of enjoyment of life, and severe emotional distress.

46.   The aforementioned acts were carried out by Defendants in a malicious, willful and oppressive manner with the intent to injure and damage Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code §3294.  Defendants' decisions to discriminate against Plaintiff based on his disabilities or disabilities as they were perceived by Defendants and based on Plaintiff's request for and/or use of disability accommodations; Defendants' refusal to accommodate Plaintiff, and Defendants' refusal to engage in a timely good faith interactive process were done with intent to injure Plaintiff and with the intent to prevent the exercise of his statutory rights and obligations.  Defendants' officers, directors, and managerial and supervisory employees, participated in the unlawful conduct as alleged above or had actual knowledge that the above-alleged conduct was unlawful and nevertheless authorized and/or ratified the practices with conscious disregard of the rights and safety of Plaintiff.

47.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and hereby requests his attorneys' fees pursuant to Government Code § 12965.  Additionally, Plaintiff seeks all equitable and affirmative remedies available under the FEHA.

WHEREFORE, Plaintiff requests relief as hereafter provided.

//

//

//

[this document printed on recycled paper]

## FOURTH CAUSE OF ACTION

### Violation of FEHA, Government Code § 12940(n) --

### Failure to Engage in the Interactive Process

### (Against All Defendants)

48.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

49.    Pursuant to Government Code § 12940(n), it is an unlawful employment practice for an employer to fail to engage in a timely, good faith interactive process with a disabled employee to determine effective reasonable accommodations in response to a request for reasonable accommodation.

50.    Defendants were Plaintiff's employers as defined under the FEHA.

51.    Plaintiff was an employee of Defendants.

52.    Defendants knew Plaintiff had a disability which (1) limited major physical, mental, social and/or working life activities and made the achievement of major physical, mental, social and/or working life activities difficult; (2) Plaintiff had a record of, which was known to Defendants.

53.    Plaintiff requested that Defendants make reasonable accommodation for his disability so that he would be able to perform the essential job requirements of his position.

54.    Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

55.    As a direct and proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur general and special damages in an amount to be proven at trial.  These damages include lost income, employment, and career opportunities, and emotional distress, depression, anxiety, embarrassment, anger, humiliation, loss of enjoyment of life, and severe emotional distress.

[this document printed on recycled paper]

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

56.     The aforementioned acts were carried out by Defendants in a malicious, willful and oppressive manner with the intent to injure and damage Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code §3294.  Defendants' decisions to discriminate against Plaintiff based on his disabilities or disabilities as they were perceived by Defendants and based on Plaintiff's request for and/or use of disability accommodations; Defendants' refusal to accommodate Plaintiff, and Defendants' refusal to engage in a timely good faith interactive process were done with intent to injure Plaintiff and with the intent to prevent the exercise of his statutory rights and obligations.  Defendants' officers, directors, and managerial and supervisory employees, participated in the unlawful conduct as alleged above or had actual knowledge that the above-alleged conduct was unlawful and nevertheless authorized and/or ratified the practices with conscious disregard of the rights and safety of Plaintiff.

57.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and hereby requests his attorneys' fees pursuant to Government Code § 12965.  Additionally, Plaintiff seeks all equitable and affirmative remedies available under the FEHA.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## FIFTH CAUSE OF ACTION

### AIDING, ABETTING, INCITING, COMPELLING AND/OR COERCING VIOLATION OF THE FEHA

### Government Code §§ 12940(i)

### (Against All Defendants)

58.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against the all Defendants.

59.     At all relevant times, Government Code §12940(i) was in full force and effect and was binding on All Defendants. This subsection prohibits any person from aiding, abetting, inciting, compelling and/or coercing violations of the FEHA. As alleged above, Defendants

[this document printed on recycled paper]

violated this subsection by aiding, abetting, inciting, compelling and/or coercing the above mentioned violations of the FEHA. More specifically, but not limited to, Defendants engaged in joint decision making with each other as part of their joint scheme to intentionally violate Plaintiff's rights under the FEHA and thus aided and abetted each other. Within the time provided by law, Plaintiff filed Complaints with the DFEH and received right to sue letters.

60.    As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits. Plaintiff seeks an equitable declaration of the Court, as authorized by the FEHA and common law that Defendants engaged in discriminatory acts and seeks injunctive relief against Defendants and their illegal policies.

61.    As a proximate result of Defendants' wilful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

62.    Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward her were carried out with a conscious disregard of her right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein.

63.    Plaintiff has incurred, and continues to incur, legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, plaintiff requests relief as hereafter provided.

//
//
//
//
//

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

[this document printed on recycled paper]

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

64.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

65.     At all times mentioned in this complaint, Government Code sections 12940, et seq. were in effect, barring discrimination, retaliation and other adverse employment actions related to a person's disability, medical condition, and taking of medical leave.  The Fair Employment and Housing Act forms part of California's fundamental public policy and therefore supports this cause of action.

66.     Defendants violated the public policy of the State of California by wrongfully terminating Plaintiff in violation of FEHA due to, without limitation, Plaintiff's disability in addition to Plaintiff's Plaintiff's request for and/or use of disability accommodations.

67.     As a proximate result of Defendants' willful, knowing, and intentional actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

68.     As a proximate result of Defendants' willful, knowing, and intentional actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

69.     Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, without limitation, directed the aforesaid acts toward him and carried them out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of each of the Defendants.

70.   Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## SEVENTH CAUSE OF ACTION

### Waiting Time Penalties

### Labor Code § 203

### (Against All Defendants)

71.   As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

72.   At the time of resignation or termination of Plaintiff, Defendants owed Plaintiff wages that had not been paid to him when they became due.

73.   Defendants willfully failed to pay Plaintiff all wages due and owing to him immediately upon termination or resignation, or within 72 hours of resignation, in violation of Labor Code §§ 201 and 202.

74.   Defendants tendered payment of all wages due and owing to Plaintiff on April 2, 2021. Based on Defendants' conduct as alleged herein, Plaintiff is entitled to recover waiting time penalties at his daily rate of pay multiplied by the number of days the wages went unpaid, up to a maximum of 30 days in an amount to be proven at trial.

WHEREFORE, Plaintiff requests relief as hereafter provided.

//
//
//
//
//
//

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against all Defendants, jointly and severally, on all causes of action as follows:

a.   For restitution of all monies due Plaintiff including back pay, front pay, lost employment benefits and other compensation, medical expenses, and other special damages according to proof;

b.   For general damages to compensate Plaintiff for his past, present, and future emotional distress, pain and suffering, and loss of pleasure and enjoyment of life;

c.   For all special damages as allowed by law;

d.   For exemplary and punitive damages as allowed by law;

e.   For injunctive relief against each Defendant;

f.   For civil penalties against each Defendant as allowed by law and pursuant to statute, on behalf of Plaintiff;

g.   For an award of interest, including prejudgment interest, at the legal rate;

h.   For an award of attorney fees pursuant to Government Code § 12965, Labor Code § 1102.5, and any other applicable statute;

i.   For all costs of suit incurred; and

j.   For such other and further relief in law or in equity, as this Court deems just and proper.


Dated: April 22, 2021

By: _____

Alireza Alivandivafa
Azad Marvazy
Attorneys for Plaintiff,
SEAN SULLIVAN

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

[this document printed on recycled paper]

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands trial by jury in this matter against Defendants.

Dated: April 22, 2021

By: _____

Alireza Alivandivafa
Azad Marvazy
Attorneys for Plaintiff
SEAN SULLIVAN

[this document printed on recycled paper]

- 16 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

[this document
printed on
recycled paper]

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 31, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202103-13061429
      Right to Sue: Sullivan / Ashley Furniture Industries, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711.
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 31, 2021

Sean Sullivan
1925 Century Park East, Suite 1990
Los Angeles, California 90067

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202103-13061429
       Right to Sue: Sullivan / Ashley Furniture Industries, Inc. et al.

Dear Sean Sullivan:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 31, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

1
2
3
4

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

5    Sean Sullivan                                                    DFEH No. 202103-13061429

6                                              Complainant,

7    vs.

8    Ashley Furniture Industries, Inc.
     1 Ashley Way
9    Arcadia, Wisconsin 54612

10   Stoneledge Furniture LLC
     One Ashley Way
11   Arcadia, Wisconsin 54612

12                                             Respondents

13   _____

14
15   **1.** Respondent **Ashley Furniture Industries, Inc.** is an **employer Ashley Furniture
     Industries, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA)
16   (Gov. Code, § 12900 et seq.).

17   **2.** Complainant is naming **Stoneledge Furniture LLC** business as Co-Respondent(s).

18   **3.** Complainant **Sean Sullivan**, resides in the City of **Los Angeles**, State of **California.**

19   **4.** Complainant alleges that on or about **April 8, 2020**, respondent took the following
20   adverse actions:

21   **Complainant was discriminated against** because of complainant's disability (physical or
     mental), other and as a result of the discrimination was terminated, denied any employment
22   benefit or privilege, denied reasonable accommodation for a disability, other, denied work
     opportunities or assignments, denied or forced to transfer.
23
24   **Complainant experienced retaliation** because complainant reported or resisted any form
     of discrimination or harassment, requested or used a disability-related accommodation and
25   as a result was terminated, denied any employment benefit or privilege, denied reasonable
     accommodation for a disability, other, denied work opportunities or assignments, denied or
26   forced to transfer.

27                                              -1-
                              *Complaint – DFEH No. 202103-13061429*
28   Date Filed: March 31, 2021

1

2 **Additional Complaint Details:** I was employed by the Respondents from approximately
July 15, 2019 to April 8, 2020. During my employment, I suffered from a disability which
3 necessitated medical attention and accommodation. Respondents knew of my disability or
otherwise perceived me to be disabled. Respondents knew of my need for accommodation,
4 including without limitation, a short medical leave. Respondents discriminated and retaliated
against me by denying me employment benefits or privileges, by denying me a good faith
5 interactive process, by failing to provide any reasonable accommodation for my disability, by
denying me transfer, denying me work opportunities or assignments, by failing to prevent
6 discrimination and retaliation from occurring, and ultimately by wrongfully terminating my
employment on April 8, 2020. The discrimination and retaliation was clearly based on my
7 disability, my resulting need, request and/or use of a disability-related accommodation, and
my reporting or resisting the discrimination and retaliation. Each Respondent engaged in the
8 acts of harm alleged and/or aided and abetted in committing the acts of harm alleged in
9 violation of California Government Code section 12940(i).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
-2-
*Complaint – DFEH No. 202103-13061429*

28
Date Filed: March 31, 2021

1  VERIFICATION

2  I, **Sean Sullivan**, am the **Complainant** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The same is true of my own
   knowledge, except as to those matters which are therein alleged on information and
4  belief, and as to those matters, I believe it to be true.

5  On March 31, 2021, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.
6

7                                                                      **Eugene, Oregon**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                            -3-
27                        *Complaint – DFEH No. 202103-13061429*

28  Date Filed: March 31, 2021