O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEAN SULLIVAN,

                              Plaintiff,

              v.

ASHLEY FURNITURE INDUSTRIES, INC.,
et al.,

                              Defendants.

Case No.:  5:21-cv-01053-MEMF-SPx

**ORDER DENYING MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
[ECF NO. 60]**

    Before the Court is the Motion for Leave to File Plaintiff's First Amended Complaint filed
by Plaintiff Sean Sullivan. ECF No. 60. For the reasons stated herein, the Court hereby DENIES the
Motion for Leave to File Plaintiff's First Amended Complaint.

/ / /

/ / /

1

1
2

### I.  **Background**

#### A.  **Factual Background**[1]

Plaintiff Sean Sullivan was employed by Defendant Ashley Furniture Industries, Inc. ("AFI"). DSUF ¶ 11. On March 6, 2020, Sullivan suffered a disability requiring medical attention and accommodation. PSAF ¶ 49. Over the following weeks, Sullivan contacted AFI's attendance line multiple times to inform AFI that he would be absent and had a doctor's note supporting his need for an absence. DSUF ¶¶ 18–19. On March 30, 2020, Sullivan again informed AFI via the attendance line that he would be out due to his disabling condition until further notice. PSAF ¶ 39. He did not return to work that day, nor did he provide AFI with copies of his doctor's note. DSUF ¶ 22. On April 8, 2020, AFI terminated Sullivan's employment for violating AFI's attendance policy, which prohibited absences of more than three consecutive days without notification. *Id.* ¶ 24.

#### B.  **Procedural History**

On April 22, 2021, Sullivan filed a complaint against Defendants AFI and Stoneledge Furniture LLC ("Stoneledge"), alleging: (1) disability discrimination under the Fair Employment and Housing Act ("FEHA"); (2) retaliation under FEHA; (3) failure to provide reasonable accommodation under FEHA; (4) failure to engage in the interactive process under FEHA; (5) aiding and abetting under FEHA; (6) wrongful termination in violation of public policy; and (7) waiting time penalties. ECF No. 1-1. On June 9, 2022, the Court issued a Civil Trial Order governing the action. ECF No. 31 ("CTO"). On June 23, 2021, the case was removed to federal court. ECF No. 1. On July 7, 2022, AFI filed the instant Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. ECF No. 32 ("MSJ"). On August 9, 2022, the parties submitted a joint stipulation to dismiss Stoneledge, which the Court subsequently granted. ECF Nos. 41, 42. The

---

[1] The facts set forth below are taken from the parties' prepared Statements of Uncontroverted Material Facts, ECF Nos. 33 ("Defendant's Statement of Uncontroverted Facts" or "DSUF"); 44, at 2 ("Plaintiff's Opposition to Defendant's SUF" or "PODSUF"); 44, at 13 ("Plaintiff's Statement of Additional Facts" or "PSAF"); 51, at 1 ("Defendant's Reply in Support of SUF" or "DRSUF"); 51, at 14 ("Defendant's Opposition to Plaintiff's SAF" or "DOPSAF"). The Court previously found the below material facts are established for trial under FED. R. CIV. P. 56(a) and FED. R. CIV. P. 56(g).

1    Court held oral argument on the Motion for Summary Judgment on October 6, 2022, after providing

2    the parties with a tentative ruling in advance.

3         The crux of the operative complaint is Sullivan's April 8, 2020 termination. *See generally*

4    Compl. In his Opposition to AFI's Motion for Summary Judgment, Sullivan referenced a separate

5    occasion in August 2019 during which he allegedly experienced discrimination on disability when

6    AFI denied his request for reasonable accommodations. Opposition to Motion for Summary

7    Judgment ("MSJ Opp'n"), ECF No. 43, at 12, 15, 19–20. By referencing these incidents, Sullivan

8    appeared to be attempting to claim additional bases of discrimination. However, Sullivan conceded

9    during the hearing that no allegations regarding this August 2019 incident appear in the Complaint.

10   Order Granting in Part Motion for Summary Judgment ("MSJ Order"), ECF No. 58, at 12 n.34. On

11   October 13, 2022, the Court adopted its tentative order, granting in part the Motion for Summary

12   Judgment. Because the August 2019 allegations were not properly alleged in the Complaint, the

13   Court concluded that it was inappropriate to consider them as part of Sullivan's claims. *Id.*

14        On October 20, 2022, Sullivan filed the instant Motion for Leave to File Plaintiff's First

15   Amended Complaint ("FAC"). ECF No. 60 ("Motion" or "Mot."). The Motion was fully briefed on

16   November 2, 2022. ECF Nos. 63 ("Opp'n"), 65 ("Reply"). The Court deemed this matter appropriate

17   for resolution without oral argument and took the Motion under submission.

18        Sullivan's Proposed First Amended Complaint adds, in relevant part, new factual allegations

19   regarding the August 2019 incident that the Court previously declined to consider in analyzing AFI's

20   Motion for Summary Judgment. Mot. at 1; *see also* Proposed First Amended Complaint ("Proposed

21   FAC"), ECF No. 60-2, Ex. B, ¶¶ 20–23. In particular, the Proposed First Amended Complaint

22   includes the following new allegations:

23        20. **On or about August 27, 2019, Plaintiff provided Defendants a note from his**
          **medical doctor requesting the accommodation of light duty for the period of**
24        **August 26, 2019 through September 2, 2019 due to his disabling condition**.
          21. From August 27, 2019 through August 28, 2019, Defendant conducted internal
25        email communications confirming their knowledge of Plaintiff's disabling condition
          and his request for accommodations. **On August 28, 2019, Plaintiff's supervisor told**
26        **Plaintiff that Defendants could not accommodate light duty work for a non-work**
          **related injury. Defendant's human resources representative responds in the email**
27        **chain without any suggestion that the supervisor's position on accommodation**
          **was incorrect or improper**.
28

3

22. The August 2019 incident described in paragraphs 20-21 above evidence an addition instance of discrimination and retaliation against Plaintiff by denying Plaintiff employment benefits or privileges, by denying Plaintiff a good faith interactive process, and by failing to provide any reasonable accommodation for Plaintiff's disability. The discrimination and retaliation was based on Plaintiff's disability, his resulting need, request and/or use of a disability-related accommodation, and/or his reporting or resisting the discrimination and retaliation.

23. Plaintiff filed a timely complaint against Defendants with the Department of Fair Employment and Housing ("DFEH") thereby exhausting his administrative remedies relating to the allegations in paragraphs 20 to 22 above. Plaintiff received a right to sue notice from the DFEH giving him the right to sue Defendants. A true and correct copy of Plaintiff's DFEH complaint and right to sue notice is attached hereto as Exhibit "B."

Proposed FAC ¶¶ 20–23 (emphasis added).

## II.   Applicable Law

Once the district court has issued a CTO establishing the schedule of discovery, pretrial, and trial dates, Federal Rule of Civil Procedure 16 governs the standards for amending a complaint. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides in relevant part:

(b) [The district court] . . . shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, . . . enter a scheduling order that limits the time
(1) to join other parties and to amend the pleadings;
(2) to file and hear motions; and
(3) to complete discovery.
. . .
The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. A schedule shall not be modified except by leave of ... [the district court] upon a showing of good cause.[2]

FED. R. CIV. P. 16. Under Rule 16, a district court may find "good cause" to amend the CTO "if [the CTO deadline] cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). "If the party seeking the modification 'was not diligent, the inquiry should end' and

---

[2] The Court notes that orders entered before the final pretrial conference may be modified upon a showing of "good cause," FED. R. CIV. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." FED. R. CIV. P. 16(e). Because the final pretrial conference has not yet occurred, the Court considers this motion under the "good cause" standard.

1    the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d

2    1080, 1087 (9th Cir.2002) (quoting *Johnson*, 975 F.2d at 609). Moreover, Courts have held that

3    carelessness may not be cited as a reason for modification and is not a basis upon which relief may

4    be granted. *See, e.g.*, *Johnson*, 975 F.2d at 609 (collecting cases).

5        Because a motion for amending the CTO and amending a complaint may appear similar at

6    first glance, courts have explicitly differentiated the evaluation of "good cause" under Rule 16 from

7    the evaluation of the propriety of amendment under Federal Rules of Civil Procedure Rule 15. *Id.* at

8    609. "Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party

9    seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good

10   cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*

11   **III.    Discussion**

12       Here, Sullivan requests permission to file a First Amended Complaint ("FAC") on the

13   grounds that he has acted in good faith and without undue delay, that allowing amendment would

14   not be prejudiced, and that amendment would not be futile. Mot. at 5–7. AFI opposes the Motion,

15   arguing that Sullivan knew or should have known the facts on which his proposed amendment is

16   based, that he cannot establish that he acted diligently in avoiding undue delay, and that AFI would

17   be prejudiced by an amendment. Opp'n at 4–7.

18       **A.  Sullivan has failed to demonstrate good cause to justify modification of the Civil**
19       **Trial Order.**

20       Before the Court may grant leave for Sullivan to file a FAC, the Court must first determine

21   whether he has demonstrated "good cause" to justify modifying the CTO—and, more specifically,

22   the deadline to amend pleadings. Under the operative CTO, the deadline for Sullivan to amend his

23   pleadings or add parties expired on July 21, 2022. *See generally* CTO. Although the parties

24   previously jointly stipulated to continue the hearing on AFI's Motion for Summary Judgment, ECF

25   No. 38, the parties have never stipulated to or otherwise indicated the need for a continuance of the

26   July 21, 2022 deadline to amend the pleadings. In determining whether "good cause" exists to

27   modify the deadline to amend the pleadings, the Court must determine whether Sullivan made

28   diligent attempts to amend the CTO.

1    Sullivan contends that he acted diligently, as the information forming the basis of his

2    proposed new allegations was unavailable to him until August 4, 2022, due to AFI's delay in

3    producing documents responsive to his discovery request. Mot. at 2–3, 5; Reply at 2–4.

4    First, the Court finds that by his own admission, the facts forming the basis for the new

5    allegations was available to Sullivan in August 2019: At that time, Sullivan was advised that he

6    would be denied an accommodation for his injury despite presenting a medical note. It is this denial

7    of the accommodation which forms the basis of his proposed claim today. Although Sullivan may

8    not have been in possession of AFI's internal communications until more recently, these internal

9    communications do not form the basis of his claim but seek to support his claim. Therefore,

10   Sullivan's failure to file a Motion to Amend the CTO or for Leave to File an FAC over the past year

11   and a half indicates a lack of diligence.

12   Even assuming that Sullivan did not become aware of this additional claim until receiving

13   AFI's internal communications on August 4, 2022, Sullivan's actions still indicate a lack of

14   diligence. The instant Motion for Leave to File an FAC was not filed until October 20, 2022—over

15   three months since AFI filed its Motion for Summary Judgment (ECF No. 32), two months since

16   Sullivan received the allegedly necessary documents, and a week after the Court already ruled upon

17   AFI's Motion for Summary Judgment (ECF No. 58). Yet, Sullivan made no effort in that period to

18   seek Leave to Amend the CTO or the FAC.

19   Moreover, the Court finds that granting Leave to Amend the CTO and the CTO would cause

20   undue delay and prejudice to AFI. Indeed, the discovery cut-off has lapsed, and all discovery has

21   since been completed. Depositions of key witnesses have already been taken. Granting Sullivan's

22   request would require the Court to re-open discovery on a distinct and unrelated issue that had not

23   previously been the focus of the pleadings or discovery and further continue the Trial date. In light

24   of the foregoing reasons, the Court concludes that Sullivan has failed to demonstrate good cause to

25   justify a modification of the CTO. *See* FED. R. CIV. P. 16(b). Accordingly, the Court DECLINES to

26   amend the CTO.

27   Because the Court has declined to amend the CTO, the Court need not consider Sullivan's

28   Motion for Leave to File an FAC.  Because Sullivan's "ability to amend his complaint [is] governed

by Rule 16(b)" and he has not demonstrated "good cause," the CTO will not be amended. *Johnson*, 975 F.2d at 608. Since the CTO's deadline to file amended pleadings remains in place, the Motion for Leave to File a FAC is therefore DENIED as untimely. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (concluding that because the parties never modified the CTO before the deadline had passed, the district court properly denied the motion to amend as untimely).

**IV.**   **Conclusion**

For the foregoing reasons, the Court hereby ORDERS that the Motion for Leave to File Plaintiff's First Amended Complaint (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated: December 12, 2022

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge